**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| DREXANA FIELDS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 19-2241-LPS-SRF |
| | ) | |
| THE DEPARTMENT OF SERVICES FOR CHILDREN, YOUTH, AND THEIR FAMILIES CITY OF DOVER, and JOSETTE DELLE DONNE MANNING, in her official capacity, and KRISTON LOWRY-SIMS, individually, DOE DEFENDANTS (1-10), | ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**REPORT AND RECOMMENDATION**

## I. INTRODUCTION

Presently before the court in this civil rights action is a motion to dismiss for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6), filed by The Department of Services for Children, Youth, and Their Families ("DSCYF"), Josette Delle Donne Manning, in her official capacity ("Secretary Manning"),[1] and Kriston Lowry-Sims, in her individual capacity ("Lowry-Sims")[2] (collectively, "Defendants").[3] (D.I. 10) For the following reasons, the court recommends GRANTING Defendants' motion.

---

[1] The complaint makes no mention of defendant Josette Delle Donne Manning other than in the case caption. (D.I. 1) Defendants aver that "Josette Delle Donne Manning is the Cabinet Secretary for the DSCYF." (D.I. 11 at 6)

[2] The complaint contains one allegation specific to Lowry-Sims, which states that she "is a Family Service Specialist, employed by the State of Delaware Department of Services for Children, Youth" and that "she was charged with sending out proper certified letters informing individuals that they would be placed on the registry and their options for challenging such a placement." (D.I. 1 at ¶ 4)

[3] The briefing for the pending motion is as follows: Defendants' opening brief (D.I. 11), plaintiff's answering brief (D.I. 14), and Defendants' reply brief (D.I. 16).

## II. BACKGROUND[4]

Plaintiff Drexana Fields ("Ms. Fields") filed this civil rights action against The Department of Services for Children, Youth, and Their Families ("DSCYF"), Josette Delle Donne Manning in her official capacity ("Secretary Manning"), Kriston Lowry-Sims in her individual capacity ("Lowry-Sims"), and unknown Doe Defendants (1-10) on December 9, 2019. (D.I. 1)  The complaint alleges that Ms. Fields had been listed on the Delaware Child Protection Registry (the "Registry"), formerly the "FACTS Central Registry," as a result of an incident that was investigated in November of 2000. (*Id.* at ¶¶ 9–39)  Ms. Fields denies ever receiving notice of or being given an opportunity to challenge her initial placement on the Registry in 2000 and subsequent reclassification to Level IV status (the most severe classification) in 2003. (*Id.* at ¶¶ 9, 16)  Ms. Fields purchased a daycare in 2016. (*Id.* at ¶ 7)  On December 18, 2017, Ms. Fields claims she was first made aware that she was prohibited from employment in or ownership of a childcare facility as a result of her Level IV status on the Registry. (*Id.* at ¶ 9)  Ms. Fields alleges in the complaint that she was deprived of her Due Process rights under the Delaware Constitution and asserts § 1983 claims against the DSCYF, Secretary Manning, Lowry-Sims, and unknown Doe Defendants (1-10). (*Id.* at ¶¶ 40–52)

## III. LEGAL STANDARD

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted.  *See* Fed. R. Civ. P. 12(b)(6).  When considering a Rule 12(b)(6) motion to dismiss, the court must accept as true all factual allegations in the complaint

---

[4] The facts in this section are based upon allegations in the complaint, which the court accepts as true for the purposes of the present motion to dismiss. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

and view them in the light most favorable to the plaintiff. *See Umland v. Planco Fin. Servs.*, 542 F.3d 59, 64 (3d Cir. 2008).

To state a claim upon which relief can be granted pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although detailed factual allegations are not required, the complaint must set forth sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009). A claim is facially plausible when the factual allegations allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See Iqbal*, 556 U.S. at 663; *Twombly*, 550 U.S. at 555-56.

The court's determination is not whether the non-moving party "will ultimately prevail," but whether that party is "entitled to offer evidence to support the claims." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1420 (3d Cir. 1997) (internal citations and quotation marks omitted). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips v. Cty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

**IV.    DISCUSSION**

During the course of briefing, Ms. Fields withdrew all of her claims against DSCYF. (D.I. 14 at 4) However, Ms. Fields argues that her claims against Secretary Manning, Lowry-Sims, and the Doe Defendants to should survive a motion to dismiss because the complaint

3

alleges that they acted in bad faith and with gross and/or wanton negligence and are, therefore, not entitled to qualified immunity for violating her constitutional rights of due process and the right to employment. (D.I. 14 at 4, 14–15)

Ms. Fields alleges in the complaint that during the course of investigating, purchasing, and operating a childcare facility, she received a letter on December 18, 2017, stating that she was prohibited from operating a childcare facility and providing childcare services. (*See* D.I. 1 at ¶¶ 7–9) However, fatal to Ms. Field's claims is a stipulation she entered, through her counsel, in which she resolved her claims arising from the Level IV classification, and such classification was removed by Order of the Family Court of the State of Delaware on November 26, 2018 (the "Family Court Order"),[5] thirteen months before she filed the instant suit. (D.I. 11-1) Accordingly, as Defendants properly assert, the court lacks subject matter jurisdiction over Ms. Fields' complaint. (D.I. 16 at 4–5) Subject matter jurisdiction is lacking *ab initio* because as of the date the complaint was filed no active case or controversy existed regarding any violation of Ms. Fields' constitutional rights. (*See* D.I. 11-1)

"The existence of a case and controversy is a prerequisite to all federal actions, including those for declaratory or injunctive relief." *Peachlum v. City of York, Pennsylvania*, 333 F.3d 429, 433 (3d Cir. 2003) "If a claim does not present a live case or controversy, the claim is moot, and a federal court lacks jurisdiction to hear it." *Mollett v. Leicth*, 511 F. App'x 172, 173 (3d Cir. 2013) (quoting *United States v. Gov't of Virgin Islands*, 363 F.3d 276, 284–85 (3d Cir.

---

[5] Defendants attached the Family Court Order as an exhibit to their opening brief. (D.I. 11-1) The court may consider the Family Court Order here because it is an "item[] subject to judicial notice." *See L.T. Associates, LLC v. Sussex Cty. Council*, C.A. No. 11-774-MPT, 2013 WL 3998462, at *3 n.57 (D. Del. Aug. 5, 2013) (citing *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006); *S. Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Grp. Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999)).

2004)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Nesbit v. Gears Unlimited, Inc.*, 347 F.3d 72, 77 (3d Cir. 2003) (noting that the court may raise subject matter jurisdiction concerns *sua sponte*). "The party asserting subject matter jurisdiction bears the burden of proving that it exists." *Church of the Universal Bhd v. Farmington Twp. Supporters*, 296 F. App'x 285, 288 (3d Cir. 2008).

Ms. Fields does not raise any arguments or case authority in opposition to the Family Court Order cited in the Defendants' opening brief, thus waiving opposition. *See vMedex, Inc. v. TDS Operating, Inc.*, C.A. No. 18-1662-MN, 2020 WL 4925512, at *7 (D. Del. Aug. 21, 2020). Furthermore, Ms. Fields has no individual causes of action against Secretary Manning, Lowry-Sims, or the Doe Defendants, even if such claims could survive the Family Court Order, because Ms. Fields never specified any facts in support of those claims, asking only in the briefing for an opportunity to take discovery to develop such claims. (D.I. 1; D.I. 14 at 16–17) It is well-accepted that a plaintiff must have a facially plausible claim to permit discovery, as discovery is not a mechanism utilized at the outset of a case to save unsupported claims. *See Sisk v. Sussex Cty.*, C.A. No. 11-121-RGA-CJB, 2012 WL 1970879, at *12 (D. Del. June 1, 2012) ("[B]efore [a] [p]laintiff is entitled to engage in discovery, she must state some facts that would support a plausible claim; merely stating that such facts might be uncovered during discovery is insufficient to survive a motion to dismiss.") (citing *Twombly*, 550 U.S. at 563 n.8). Therefore, the court recommends granting Defendants' motion with prejudice.

V. **CONCLUSION**

For the foregoing reasons, the court recommends GRANTING Defendants' motion to dismiss with prejudice. (D.I. 10)

This Report and Recommendation is filed pursuant to 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b)(1), and D. Del. LR 72.1. The parties may serve and file specific written objections within fourteen (14) days after being served with a copy of this Report and Recommendation. Fed. R. Civ. P. 72(b)(2). The objection and responses to the objections are limited to ten (10) pages each. The failure of a party to object to legal conclusions may result in the loss of the right to de novo review in the District Court. *See Sincavage v. Barnhart*, 171 F. App'x 924, 925 n.1 (3d Cir. 2006); *Henderson v. Carlson*, 812 F.2d 874, 878–79 (3d Cir. 1987).

The parties are directed to the court's Standing Order For Objections Filed Under Fed. R. Civ. P. 72, dated October 9, 2013, a copy of which is available on the court's website, http://www.ded.uscourts.gov.

Dated: February 17, 2021

_____
Sherry R. Fallon
United States Magistrate Judge