IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DREXANA FIELDS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | C.A. No. 19-2241-LPS-SRF |
| | : | |
| THE DEPARTMENT OF SERVICES | : | |
| FOR CHILDREN, YOUTH, AND THEIR | : | |
| FAMILIES CITY OF DOVER; | : | |
| JOSETTE DELLE DONNE MANNING, in | : | |
| her official capacity; KRISTON | : | |
| LOWRY-SIMS, individually; and | : | |
| DOE DEFENDANTS (1-10), | : | |
| | : | |
| Defendants. | : | |

**MEMORANDUM ORDER**

WHEREAS, Magistrate Judge Fallon issued a Report and Recommendation (the "Report") (D.I. 18), dated February 17, 2021, recommending that the motion to dismiss (D.I. 10) filed by The Department of Services for Children, Youth, and Their Families ("DSCYF"), Josette Delle Donne Manning in her official capacity ("Manning"), and Kriston Lowry-Sims in her individual capacity ("Lowry-Sims" and, together with DSCYF and Manning, "Defendants"), pursuant to Federal Rule of Civil Procedure 12(b)(6), be granted with prejudice;

WHEREAS, on March 9, 2021, Plaintiff Drexana Fields ("Plaintiff" or "Fields") objected to the Report ("Objections") (D.I. 22), specifically objecting to the Report's conclusion that the Court lacked subject matter jurisdiction over the question of damages;

WHEREAS, on March 18, 2021, Defendants responded to Plaintiff's Objections ("Response") (D.I. 24), asserting that the Report correctly found that (1) the Court lacked subject

matter jurisdiction over Plaintiff's complaint, and (2) even if this were not the case, Plaintiff has failed to meet the applicable pleading standards;

WHEREAS, the Court has considered the parties' objections and responses *de novo*, *see* 28 U.S.C. § 636(b)(l); Fed. R. Civ. P. 72(b)(3); *Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011);

**NOW THEREFORE, IT IS HEREBY ORDERED** that:

1. Plaintiff's Objections (D.I. 22) are **OVERRULED**, Judge Fallon's Report (D.I. 18) is **ADOPTED**, and Defendants' motion to dismiss (D.I. 10) is **GRANTED WITH PREJUDICE.**

2. The Court agrees with the Report that the stipulation Plaintiff entered is "fatal" to her claims. (D.I. 18 at 4) This stipulation resolved Fields' claims arising from her Level IV classification and resulted in an Order from the Family Court of the State of Delaware ("Family Court Order") effectuating Fields' removal from the Delaware Child Protection Registry on November 26, 2018.[1] (*Id.*; D.I. 11-1) Plaintiff filed the instant suit over a year after this removal occurred. (D.I. 1) As such, the Report correctly concludes that there was no active case or controversy at the time the complaint was filed alleging a violation of Plaintiff's constitutional rights by the named Defendants. (*See* D.I. 18 at 4) Accordingly, the Court lacks subject matter jurisdiction and must dismiss this action. *See Peachlum v. City of York, Pennsylvania*, 333 F.3d 429, 433 (3d Cir. 2003) ("The existence of a case and controversy is a prerequisite to all federal actions." (internal citation omitted)); Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

---

[1] Although Plaintiff does not contest the Report's consideration of the Family Court Order, which Defendants attached as an exhibit to their opening brief, the Report correctly notes that the Order is subject to judicial notice, and so the Court may consider it. (*See* D.I. 18 at 4 n.5)

2

3. Additionally, Plaintiff does not object to the Report's conclusion that her failure to "raise any arguments or case authority in opposition to the Family Court Order" in response to Defendants' opening brief resulted in a waiver of such opposition. (D.I. 18 at 5; *see* D.I. 24 at 4 n.2; *see generally* D.I. 22) The Court agrees with the Report on this question.

4. Plaintiff concedes that her removal from the registry "mak[es] moot any claim for injunctive relief," but argues that "the question of damages still remains and presents a live case or controversy over which this Court may properly exercise jurisdiction." (D.I. 22 at 2) In support, Plaintiff relies on cases involving prisoners' claims against the facilities in which they were imprisoned. (*Id.* at 2-3) (citing *Weaver v. Wilcox*, 650 F.2d 22, 27 (3d Cir. 1981); *Woulard v. Food Serv.*, 294 F. Supp. 2d 596, 602-03 (D. Del. 2003)) The Third Circuit has held that the "alleviation of an alleged constitutional violation does not moot a prisoner's claim for actual and punitive damages." *U.S. ex rel. Jones v. Rundle*, 453 F.2d 147, 150 (3d Cir. 1971) (internal citation omitted). But even if the Court were to apply the same reasoning in this distinct context and conclude that Plaintiff's damages claims are not moot, the complaint nonetheless fails on other grounds.

5. As the Report correctly concludes, Plaintiff fails to allege sufficient facts in support of her claims against Manning, Lowry-Sims, and the Doe Defendants.[2] (*See* D.I. 18 at 5) Despite Plaintiff's assertion that these individuals "acted in bad faith and with gross and/or wanton negligence," the complaint sets forth no specific allegations of misconduct.[3] (D.I. 14 at

---

[2] Plaintiff withdrew her claims against DSCYF. (D.I. 14 at 4)

[3] As the Report notes, the complaint "makes no mention" of Manning "other than in the case caption." (D.I. 18 at 1 n.1) As to Lowry-Sims, the complaint alleges only that she is a DSCYF employee "charged with sending out proper certified letters informing individuals that they would be placed on the registry and their options for challenging such a placement." (*Id.* at 1 n.2) (quoting D.I. 1 ¶ 4)

3

4; *see generally* D.I. 1) As such, Plaintiff has failed to state a claim on which relief may be granted. *See Victaulic Co. v. Tieman*, 499 F.3d 227, 234 (3d Cir. 2007) ("To survive a motion to dismiss, a civil plaintiff must allege facts that 'raise a right to relief above the speculative level.'") (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Finally, Plaintiff does not object to the Report's finding that Plaintiff failed to plead sufficient facts. (D.I. 18 at 5; *see* D.I. 24 at 6 n.4; *see generally* D.I. 22) Further, although Plaintiff provides slightly more detail in her response to Defendants' opening brief, she asserts that discovery would be necessary before she could adequately develop her claims and amend her complaint. (*See* D.I. 14 at 14-16) The Court agrees with the Report that "discovery is not a mechanism utilized at the outset of a case to save unsupported claims." (D.I. 18 at 5) This appears to be Plaintiff's aim here.

Given the Court's reasoning, amendment would be futile. Accordingly, the dismissal of the complaint is with prejudice. The Clerk of Court is directed to **CLOSE** this case.

March 26, 2021  
Wilmington, Delaware

HONORABLE LEONARD P. STARK  
UNITED STATES DISTRICT JUDGE

4